CLARA ADAMS, PLAINTIFF, v. JENNIE WILLETTS, DE-
FENDANT.

Argued January 6, 1925—Decided May 5, 1925.

Contracts—Recovery of Money Loaned—Plaintiff, an Elderly
Lady, Gave Checks to Defendant, Her Friend, Who Obtained
the Money Thereon for the Accommodation of Plaintiff—
Plaintiff Afterward Claimed They Were Loans to Defendant
—Plaintiff Claims That as Defendant Received the Money
From the Bank, the Burden is Upon Her to Prove Plaintiff
Received It—Held, Since Defendant Claimed the Money
Never Had Been Loaned to Her the Burden Was Upon
Plaintiff to Prove the Loan—Judgment For Defendant Sus-
tained.

On plaintiff's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

For the plaintiff, Cole & Cole.

For the defendant, W. Lindley Jeffers.

PER CURIAM.

This case is before us on a plaintiff's rule to show cause.
The action was tried at the Atlantic Circuit. It was a suit
brought by the plaintiff to recover from the defendant the
sum of $2,200 for moneys which the plaintiff alleged she had
loaned to the defendant. The only question presented under
the rule is whether the verdict, which was one in favor of the
defendant of no cause of action, is against the weight of the
evidence.

The plaintiff was an elderly woman. She was eighty-six
years of age at the time of the trial. She had a bank account
in the Atlantic City National Bank. It was a savings fund
account. Under the rules of the bank money could only be

withdrawn upon two weeks' notice unless the bank waived the rule. As is quite customary, the bank did, in respect to the transactions in the present case, waive the rule. The plaintiff and the defendant were old acquaintances. They had known one another for some eighteen years. Mrs. Willetts, the defendant, and her husband, boarded with Mrs. Adams. Mrs. Adams at times asked Mrs. Willetts to assist her in her business transactions. Mrs. Willetts would execute commissions for Mrs. Adams. Between May 1st, 1922, and October 1st, 1923, Mrs. Adams drew a number of checks upon her bank account. She would then give these checks to Mrs. Willetts. Mrs. Willetts had the checks cashed, and then, as she testified, would hand Mrs. Adams the money which she had received from the bank. Mrs. Adams had a daughter, Mrs. Aikman. Mrs. Aikman appears to have become suspicious that Mrs. Willetts was borrowing money from her mother. She learned that Mrs. Willetts had been obtaining money on the checks of Mrs. Adams. Mrs. Adams then claimed that she had loaned to Mrs. Willetts these moneys. The suit was then instituted.

The defense made by Mrs. Willetts was that she had never borrowed the moneys. She admitted that she went to the bank for Mrs. Adams and drew money, but claimed that she always returned to the home of Mrs. Adams and delivered the money to her. As has been stated, the jury rendered a verdict in favor of Mrs. Willetts. It is now contended that this verdict is contrary to the weight of the evidence.

Counsel for Mrs. Adams contends that as Mrs. Willetts admitted that she drew the money from the bank, the burden of proof was upon her to prove that she had delivered the money to Mrs. Adams. As Mrs. Willetts never admitted that she had received a loan of the money, her defense was not that of payment. Her defense was that the money had never been loaned to her. This placed the burden, we think, upon Mrs. Adams to show by a preponderance of the testimony that she had loaned the money to Mrs. Willetts. The question was one of fact. It was a question peculiarly within the

province of the jury to settle. To justify a court in setting aside a verdict of a jury on the ground that it is against the weight of the evidence, it must so clearly appear that it is against the weight of the evidence as to give rise to the inference that the verdict is the result of mistake, passion, prejudice or partiality. *State* v. *Karpowitz,* 98 *N. J. L.* 546; *Queen* v. *Jennings,* 93 *Id.* 353.

Upon a reading of the evidence we think that it does not clearly appear that the verdict is against the weight of the evidence. The jury had an opportunity to observe the appearance and demeanor of the witnesses. This is an important element in a case of this nature. We have reached the conclusion that the verdict should not be disturbed. The rule to show cause is discharged.